UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Peter D'Amelio

    v.                                          Civil No. 08-cv-500-JL

Richard M. Gerry, et al.

**O R D E R**

Peter D'Amelio filed suit in this Court, pursuant to 42 U.S.C. § 1983, complaining that the defendants had violated his rights by depriving him of his personal property (document nos. 1 & 6). On March 31, 2009, I issued a Report and Recommendation (document no. 11) recommending dismissal of the complaint on the grounds that D'Amelio's action, which alleged violations of his Fourth and Fourteenth Amendment rights, failed to state a claim upon which relief might be granted. On April 13, 2009, D'Amelio filed a motion to amend (document no. 12), seeking to "retract the Fourth Amendment and the Fourteenth Amendment out of [his] civil complaint" and "add legal arguments to [his] property claims." I will accept this pleading as a motion to reconsider my Report and Recommendation.

Discussion

As an initial matter, it appears that D'Amelio misunderstands my Report and Recommendation.  D'Amelio's property claims <u>are</u> his Fourth and Fourteenth Amendment claims. Additionally, the first added legal argument in D'Amelio's motion to amend relies on <u>Ferranti v. Moran</u>, 618 F.2d 888 (1st Cir. 1980), a case which relies on the protections of the Fourteenth Amendment due process clause in establishing the availability of a deprivation of property claim under § 1983.[1]

D'Amelio now asserts the deprivation of a liberty interest, created by state statute, not to be deprived of his property.  He grounds this assertion on the prison's violation of its own internal regulation.  Policy and Procedure Directive ("PPD") 9.02(IV)(J)(3)(e), which governs the "issuance and control of inmate property," states that "[i]nmates transferring between locations may bring with them those items prescribed for their new location and will surrender items not authorized or in excess of authorization at the new location.  Items so turned in will be

---

[1] <u>Ferranti v. Moran</u> predates <u>Hudson v. Palmer</u>, 478 U.S. 517 (1984), which I relied on in my Report and Recommendation for the proposition that no § 1983 claim for the wrongful and intentional deprivation of property will lie where, as here, a plaintiff is provided with adequate post-deprivation process.

returned for reissue under regular supply procedures." The regulation does not require the prison to retain and store items for possible return to an inmate at a later date, unless such practice would fall under a "regular supply procedure." Further, a thorough reading of PPD 9.02 bears out that requiring an inmate to mail out property with five days' notice upon transfer to a different housing unit is consistent with prison policy.[2] See PPD 9.02(IV)(A) (at intake property which is unauthorized or in excess of authorization will be taken from the inmate and prepared to be sent out); 9.02(IV)(F) (listing ways inmates may dispose of personal property). PPD 9.02 authorizes the prison to dispose of abandoned or unclaimed property that may be held in a "state agency storage room," pursuant to N.H. Rev. Stat. Ann. 471-C:14. PPD 9.02 describes no other reissue process that includes storage of inmates' property for return at a later date. Accordingly, I find that the presence of the term "reissue under regular supply procedures" in PPD 9.02 does not, without more,

---

[2] I note that, as D'Amelio asserts, the prison has conceded that PPD 9.02(IV)(J)(3)(e) appears to conflict with the practice of requiring inmates to send property out of the prison upon transfer to SHU, and that they intend to change the policy to accord with current practice. The opinion or intentions of prison officials in this situation are irrelevant to my consideration of D'Amelio's claims. I will consider the policy, as written, to determine its legal effect.

give rise to a right to have property stored while an inmate is housed in a higher security status and returned when and if he attains a lower security level in the future.  See Sandin v. Conner, 515 U.S. 472, 493 (1995) (citing, *inter alia*, Ky. Dep't of Corrs. v. Thompson, 490 U.S. 454, 461 (1989); Hewitt v. Helms, 459 U.S. 460, 471-72 (1983) (deprivations that are not severe enough to constitute a due process violation can amount to deprivations of procedurally protected liberty interest, provided that state law, including prison regulations, "narrowly cabins the legal power of authorities to impose the deprivation (thereby giving the inmate a kind of right to avoid it)."); Davila-Lopes v. Zapata, 111 F.3d 192, 196 (1st Cir. 1997).  The regulations at issue here do not so narrowly restrict the discretion of prison authorities to control inmate property that they give rise to a claim of a deprivation of a liberty interest held by D'Amelio.

## Conclusion

For the foregoing reasons, nothing D'Amelio argues in this motion to amend changes my previous recommendation that this

4

action be dismissed.  The motion to amend (document no. 12) is denied.

    **SO ORDERED.**

                                          _____
                                          James R. Muirhead
                                          United States Magistrate Judge

Date:     April 16, 2009

cc:       Peter D'Amelio, pro se